# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT A. ADKINS, in his Official
Capacity as Acting Commissioner
of WorkForce West Virginia,
Respondent Below, Petitioner**

**v.) No. 25-ICA-343**      **(**WorkForce W. Va. Bd. of Rev. Case No. R-2025-0832)

**SARAH K. HOLT,
Claimant Below, Respondent**

**and**

**PROJECT HEALING WATERS
FLY FISHING, INC.,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scott A. Adkins, in his Official Capacity as Acting Commissioner of WorkForce West Virginia ("WorkForce"), appeals the July 24, 2025, order from the WorkForce West Virginia Board of Review ("Board"), which affirmed the decision of the administrative law judge ("ALJ") and found Respondent Sarah K. Holt was monetarily eligible for unemployment compensation benefits. Ms. Holt filed a response, and WorkForce did not file a reply.[1] Project Healing Waters Fly Fishing, Inc. ("Project Healing Waters") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For the reasons set forth below, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Holt worked remotely for Project Healing Waters as a developmental director from April 20, 2021, until February 3, 2025, when she was laid off due to a lack of work. Ms. Holt worked remotely from her home in Parkersburg, West Virginia. After her separation from employment, Ms. Holt filed a claim for unemployment benefits. On March

---

[1] WorkForce is represented by Kimberly A. Levy, Esq. Ms. Holt is represented by Keith White, Esq.

1

18, 2025, a WorkForce claims deputy found Ms. Holt was ineligible for benefits because she had insufficient earnings during her base period.[2] The deputy determined that Project Healing Waters was not a liable employer in West Virginia, therefore, Ms. Holt's salary could not be counted towards her eligible earnings. The only salary the deputy considered was the $1,799.98 Ms. Holt earned during the relevant period from her work at West Virginia University. Ms. Holt timely appealed the deputy's decision to the ALJ. On May 23, 2025, the ALJ held a telephonic hearing during which Ms. Holt and Alex Naylor, a representative of WorkForce, appeared and testified.

During the hearing, Ms. Naylor testified that WorkForce interprets West Virginia Code § 21A-1A-16(10)(B) (2021) to require charitable organizations, such as Project Healing Waters, to employ four or more individuals in West Virginia in order to be classified as liable employers for the purposes of unemployment compensation benefits.[3] Ms. Naylor stated that WorkForce determined Project Healing Waters was a non-liable employer in West Virginia because it employed only two employees in West Virginia. As a result of this determination, Ms. Naylor testified that Ms. Holt's wages from Project Healing Waters would not be counted toward her base pay.[4] Ms. Naylor further stated that Ms. Holt was also employed by West Virginia University during the base period, but those earnings alone were too low to monetarily qualify Ms. Holt for benefits. Ms. Naylor also testified that WorkForce sent a letter of non-eligibility to Project Healing Waters in 2021 stating it incurred no liability under the West Virginia unemployment compensation laws. Ms. Naylor stated that WorkForce had not received any wage reports or any requests for additional review of liability coverage from Project Healing Waters.

Next, Ms. Holt testified that Project Healing Waters employed sixteen full-time employees throughout the United States, and that while she worked remotely in West Virginia, she also traveled for work in other states across the country. Ms. Holt testified that she performed approximately twenty-five percent of her job in other states and seventy-five percent in West Virginia. Workforce did not object to Ms. Holt's testimony or dispute that Project Healing Waters had sixteen employees nationwide.

---

[2] "Base period" is defined as "the first four out of the last five completed calendar quarters immediately preceding the first day of the individual's benefit year." W. Va. Code § 21A-1A-5(a) (2009).

[3] There is no dispute in this case that Project Healing Waters is a charitable organization for purposes of Article 21A of the West Virginia Code.

[4] "Base pay" refers to the requirement under West Virginia Code § 21A-6-1(5) (2024) that an employee be paid $2,200 or more in wages during the statutorily defined time period in order to qualify for unemployment compensation benefits.

On June 2, 2025, the ALJ issued a written decision reversing the deputy's decision and holding Ms. Holt was eligible for benefits because West Virginia Code § 21A-1A-16(10)(B) does not state that the required employees must all be located in West Virginia. The ALJ found that Project Healing Waters employed sixteen full time employees throughout the United States and that it was a liable employer in West Virginia. WorkForce appealed this decision to the Board, and the Board issued a decision on July 24, 2025, adopting the findings of the ALJ and affirming the ALJ's decision that Ms. Holt is eligible for unemployment compensation benefits. It is from this order that WorkForce now appeals.

In this appeal, our standard of review is as follows:

> The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, WorkForce asserts two assignments of error, which we will reorder to accord with our analysis. *See HD Media Co., LLC v. W. Va. Univ. Bd. of Governors*, 251 W. Va. 249, 254, 912 S.E.2d 12, 17 (Ct. App. 2024) (reordering assignments of error to accord with the Court's analysis). For one, Workforce argues the ALJ erred in determining that West Virginia Code § 21A-1A-16(10)(B) requires a determination of the total number of employees employed by a non-profit 501(c)(3) organization rather than a determination of the number of employees employed in West Virginia. We disagree. Eligibility for unemployment compensation benefits is determined pursuant to West Virginia Code § 21A-6-1 (2024), and the parties dispute whether Ms. Holt meets the base period wage requirements of West Virginia Code § 21A-6-1(5), which states, in relevant part, as follows:

> An unemployed individual shall be eligible to receive benefits only if the commissioner finds that:
> . . .
> (5)   He or she has within his or her base period been paid wages for employment equal to not less than $2,200 and must have earned wages in more than one quarter of his or her base period or, if he or she is not eligible under his or her base period, has within his or her alternative base period been paid wages for employment equal to not less than $2,200 and must have earned wages in more than one quarter of his or her alternative base period.
> . . .

3

Specifically, WorkForce argues that Project Healing Waters does not meet the definition of "employment," which is defined under West Virginia Code § 21A-1A-16(10) as follows:

(10) Service performed by an individual in the employ of a religious, charitable, educational, or other organization but only if the following conditions are met:

(A) The service is excluded from "employment" as defined in the federal Unemployment Tax Act solely by reason of Section 3306(c)(8) of that act; and

(B) The organization had four or more individuals in employment for some portion of a day in each of 20 different weeks, whether or not the weeks were consecutive, within either the current or preceding calendar year, regardless of whether they were employed at the same moment of time . . . .

The question of law before this Court is whether West Virginia Code § 21A-1A-16(10)(B) requires Project Healing Waters to have four or more employees located or residing in West Virginia. To answer this question, we must first address whether West Virginia Code § 21A-1A-16(10)(B) is unambiguous. "When a statute is clear and unambiguous[,] and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959); *see also* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). In contrast,

[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. In other words, a statute is ambiguous when the statute's language connotes doubtfulness, doubleness of meaning, or indistinctness or uncertainty of an expression.

*State v. McClain*, 247 W. Va. 423, 429, 880 S.E.2d 889, 895 (2022) (citation modified). In its July 24, 2025, order the Board does not expressly state whether it found West Virginia Code § 21A-1A-16(10)(B) to be ambiguous, susceptible to multiple meanings, indistinct, or otherwise uncertain. *See Dunlap v. Friedman's, Inc.*, 213 W. Va. 394, 398, 582 S.E.2d 841, 845 (2003) ("A finding of ambiguity must be made prior to any attempt to interpret a statute."). However, the ALJ's order, as adopted by the Board, states that the "plain wording of [West Virginia Code § 21A-1A-16(10)(B)] shows that the geographic location

of the four employees is not a consideration." This statement indicates the Board did not find ambiguity or multiple meanings in the wording of West Virginia Code § 21A-1A-16(10)(B), and that it applied the plain meaning of the statute.

The Legislature explicitly listed the circumstances under which a charitable organization like Project Healing Waters meets the definition of "employment" for the purposes of Chapter 21A. *See* W. Va. Code § 21A-1A-16(10). Contrary to WorkForce's interpretation, West Virginia Code § 21A-1A-16(10)(B) requires that "the organization [have] four or more individuals in employment" and its plain language does not require these employees to be located or residing in West Virginia. If the Legislature intended to limit this definition to employees located only in West Virginia, it would have done so, expressly within the statute. To be sure, the Legislature expressly included a geographic location requirement in West Virginia Code § 21A-1A-16(4); § 21A-1A-16(6); § 21A-1A-16(8); and § 21A-1A-16(11). The express requirements within these other subsections of § 21A-1A-16 that services be performed in West Virginia further supports the Board's finding that the Legislature did not intend to place such limits in § 21A-1A-16(10)(B).

"[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there" and we do not presume that the Legislature's omission of a geographic location requirement within West Virginia Code § 21A-1A-16(10)(B) is a mistake. *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) (citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). The dispositive issue is simply whether West Virginia Code § 21A-1A-16(10)(B) requires the charitable organization's four employees to be physically located in West Virginia. It does not. This Court should not read an additional geographic restriction into subsection (10)(B) that the Legislature did not include. As a result, the ALJ correctly determined that West Virginia Code § 21A-1A-16(10) does not require Project Healing Waters to employ four or more individuals in West Virginia and WorkForce's second assignment of error fails.

For its remaining assignment of error, WorkForce argues the ALJ erred in relying solely upon Ms. Holt's testimony regarding the number of employees Project Healing Waters employs. Again, we disagree. The Supreme Court of Appeals of West Virginia has established that Ms. Holt bears the burden of proving her eligibility under West Virginia Code § 21A-6-1. *See Thomas v. Rutledge*, 167 W. Va. 487, 498, 280 S.E.2d 123, 130 (1981) ("The burden of proving eligibility is upon the claimant and the hearing examiner is the judge of the veracity of the claimant and the weight of the evidence."); *Hill v. Bd. of Rev.*, 166 W. Va. 648, 652, 276 S.E.2d 805, 808 (1981) ("In order to avail himself of unemployment compensation benefits, a claimant must first show that he is eligible for benefits and is not disqualified from receiving them under our Unemployment Compensation Law, W. Va. Code § 21A-1-1 et seq.") WorkForce argues that the Board and ALJ's reliance on Ms. Holt's testimony was misplaced. However, Ms. Holt's testimony regarding the number of employees at Project Healing Waters was unrefuted by WorkForce at the ALJ hearing, and WorkForce did not object to Ms. Holt's testimony on

this subject. The ALJ's decision found Project Healing Waters had a total of sixteen full-time employees throughout the United States. These findings are factual determinations that are entitled to substantial deference, and WorkForce has failed to show that these findings are clearly wrong. *See Adkins*, 192 W. Va. at 563, 453 S.E.2d at 397, syl. pt. 3. Upon our review of the record, we conclude that the ALJ's findings of fact and conclusions of law, as upheld by the Board, were supported by the evidence, and WorkForce has failed to show that these findings were clearly wrong.

Accordingly, we affirm the Board's July 24, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White